IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN FERTILITY AND REPRODUCTIVE
SURGERY ASSOCIATES, S.C.,
DAVID L. OLIVE, M.D. and
ELIZABETH A. PRITTS, M.D.,

                  Plaintiffs,

    v.

FEMPARTNERS OF WISCONSIN, INC.,
FEMPARTNERS FERTILITY CENTER OF
WISCONSIN, INC., FEMPARTNERS, INC.
and WISCONSIN FERTILITY INSTITUTE, LP,

                  Defendants.

OPINION AND
ORDER

14-cv-168-slc

---

In this civil action for money damages, plaintiffs Wisconsin Fertility and Reproductive Surgery Associates, S.C., David L. Olive, M.D. and Elizabeth A. Pritts, M.D., accuse the business entities that manage their clinic and affiliated lab of stealing hundreds of thousands of dollars from them.  Plaintiffs initially filed this suit in the Circuit Court for Dane County, Wisconsin on or about January 21, 2014.  On February 28, 2014, defendants FemPartners of Wisconsin, Inc., FemPartners Fertility Center of Wisconsin, Inc., and FemPartners, Inc., removed this case to federal court pursuant to 28 U.S.C. § 1441(b).  Although defendants acknowledge that the presence of Wisconsin Fertility Institute, L.P., a Texas limited partnership in which plaintiffs Olive and Pritts own limited partner interests, destroys diversity jurisdiction, they contend that this court should disregard the partnership under the doctrine of fraudulent joinder.  Plaintiffs insist that the partnership is a proper party, and have asked this court to remand this case to state court.  Dkt. 14.

Having considered the pleadings and the parties' submissions on the motion to remand, I find that defendants have not met their heavy burden of establishing that the partnership is *not* a proper party in this lawsuit.  Accordingly, plaintiffs' motion to remand must be granted.

From the original complaint and the documents submitted by the parties, and solely for the purpose of deciding the motion for remand, I draw the following facts:

## FACTS

### I. The Parties

#### A. Plaintiffs

Plaintiff Wisconsin Fertility and Reproductive Surgery Associates, S.C. ("WFRSA"[1]) is a Wisconsin service corporation with its principal place of business in Middleton, Wisconsin.

Plaintiffs David L. Olive and Elizabeth A. Pritts are residents of Wisconsin.  Each is a 50% shareholder in WFRSA.

#### B. Defendants

Defendants FemPartners, Inc., FemPartners Fertility Center of Wisconsin, Inc. and FemPartners of Wisconsin, Inc. are all Delaware corporations and each has a principal place of business in Houston, Texas.  FemPartners Fertility Center of Wisconsin, Inc. and FemPartners of Wisconsin, Inc. are wholly-owned subsidiaries of defendant FemPartners, Inc.  Unless specifically noted otherwise, the court will refer to these defendants collectively as "FemPartners."

---

[1] Although plaintiffs refer to this entity in shorthand as "Wisconsin Fertility," I prefer the acronym "WFRSA" to avoid confusing it with the partnership defendant, Wisconsin Fertility Institute, L.P.

2

Defendant Wisconsin Fertility Institute, L.P. is a Texas limited partnership with its principal place of business in Houston, Texas.  The partnership is comprised of three limited partners and one general partner.  The three limited partners are:  1) plaintiff David Olive, who holds a 27.5% partnership interest; 2) plaintiff Elizabeth Pritts, who holds a 27.5% partnership interest; and 3) defendant FemPartners, Inc., which holds a 44% interest.  Defendant FemPartners Fertility Center of Wisconsin holds the remaining 1% interest and is the sole general partner.

## II.  Relationship Between the Parties

WFRSA's business is to provide fertility treatment and other related services.  In order to more efficiently conduct its business, in 2006 WFRSA entered into a  managed practice with defendant FemPartners of Wisconsin, Inc..  Under this arrangement, the WFRSA physicians agreed to certain terms and conditions in exchange for the provision of certain administrative and management services by FemPartners.  Pursuant to a Service Agreement entered in 2006, all bills for medical services are prepared by FemPartners and all fees are collected by FemPartners.  These fees are deposited into Chase Bank, where FemPartners maintains sole control over the funds.  FemPartners pays net clinic revenues, less its service fees, to WFRSA on a monthly basis.

As part of its practice, WFRSA uses a laboratory to perform in vitro fertilization, technical testing and other fertility services.  This laboratory is owned and operated by defendant Wisconsin Fertility Institute, L.P. ("the Lab Partnership").  As noted above, plaintiffs Pritts and Olive are limited partners in the Lab Partnership.  As limited partners, Pritts and Olive do not

3

take part in the management or control of the Lab Partnership business or have any personal liability for its debts, beyond their initial capital contribution. Management and administration of all non-medical functions and services are provided by the Lab Partnership's sole general partner, defendant FemPartners Fertility Center of Wisconsin, Inc. The Limited Partnership Agreement provides that the general partner is paid a monthly management fee of 6% of the Lab Partnership's net revenues. The general partner maintains sole control over the Lab Partnership's bank account.

## III.  Allegations of the Complaint

In broad terms, plaintiffs allege in their complaint that the various FemPartners entities have stolen and converted hundreds of thousands of dollars that should have been paid to plaintiffs under the Service Agreement and Limited Partnership Agreement. Specifically, plaintiffs assert the following claims:

1) Civil theft against Fem Partners of Wisconsin, Inc. and Fempartners, Inc. for diverting to an undisclosed "intercompany" entity approximately $600,000 owed to plaintiffs under the Service Agreement;

2) Civil theft against FemPartners Fertility Center of Wisconsin, Inc. and FemPartners, Inc. for diverting approximately $1,000,000 from the laboratory to an undisclosed "intercompany" entity;

3) Breach of contract against FemPartners of Wisconsin, Inc. for failing to properly pay clinic revenues to plaintiffs as required by the Service Agreement;

4) Breach of contract against FemPartners Fertility Center of Wisconsin, Inc. for taking action in bad faith and outside the scope of the Limited Partnership Agreement;

5) Civil conspiracy among the "FemPartners entities" to injure plaintiffs and their business; and

4

6)       Unlawful interference with contract against defendant FemPartners, Inc.
         for interfering in plaintiffs' contracts with the other FemPartners' entities.


OPINION

This lawsuit, filed in Wisconsin state court by plaintiffs domiciled in Wisconsin, arises

out of a business dispute between private parties.  It involves no issue of federal law.  Therefore,

removal to federal court is appropriate only diversity jurisdiction exists, and that requires that

the citizenship of all the plaintiffs be diverse from the citizenship of all the defendants.

*Strawbridge v. Curtiss*, 2 U.S. 267 (1806).  The burden of establishing diversity jurisdiction in a

removal case rests on defendants, the party seeking removal.  *Tylka v. Gerber Products Co.*, 211

F.3d 445, 448 (7th Cir. 2000).  In determining whether removal was proper under 28 U.S.C.

§ 1441, it is presumed that plaintiffs may choose their own forum.  Therefore, a district court

must construe the removal statute narrowly and resolve any doubts regarding subject matter

jurisdiction in favor of remand.  *Doe v. Allied-Signal, Inc.*, 985 F. 2d 908, 911 (7th Cir. 1993);

*People of the State of Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

The parties agree that the residence of a limited partnership for purposes of diversity

jurisdiction encompasses the states of residence of all of the individual partners, both general and

limited.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  Because plaintiffs Olive and

Pritts both are limited partners in the Lab Partnership, and because they have named the  Lab

Partnership as a defendant, complete diversity between plaintiffs and defendants does not exist

unless the court finds the Lab Partnership to have been fraudulently joined as a defendant.

"A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction ." *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 763 (7th Cir. 2009). *See also Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993) (collecting cases).

> The 'fraudulent joinder' doctrine, therefore, permits a district court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.

*Schur*, 577 F.3d at 763.

A procedural term of art, "fraudulent" is shorthand for "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives [for joining the defendant]." *Paulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). *Accord AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir. 1990) (term "fraudulent joinder" requires neither fraud nor joinder but is "merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists.").

To prove fraudulent joinder, the out-of-state defendant must "show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Schwartz v. State Farm Mutual Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999) (citing *Paulos*, 959 F.2d at 73)). The defendant bears a heavy burden in this regard. *Id*. A defendant must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73; *see also Gottlieb*, 990 F.2d at 327. Put yet another way, "if there is a 'colorable' cause of action—that

6

is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original) (citations omitted).

Defendants have failed to carry this burden in this case. It is true, as defendants argue, that all of plaintiffs' claims are directed toward and seek relief from the various FemPartners entities and do not allege any conduct or omission by the Lab Partnership. Nonetheless, plaintiffs make a persuasive argument that the Lab Partnership "is effectively a vehicle for the fraudulent actions of the general partner," who allegedly has conspired with the other FemPartners entities to defraud plaintiffs. As plaintiffs point out, the Lab Partnership acts only through the will of the sole general partner; *a fortiori*, the general partner's malfeasance and resulting liability becomes the Lab Partnership's liability. Defendants do not deny that plaintiffs have stated valid claims against the general partners. I am persuaded that there exists at least a possibility that plaintiffs could also recover from the partnership.

Not so fast, caution the defendants: if the Lab Partnership *is* a proper party, then it really ought to be a *plaintiff. See American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (realignment is proper when the court finds that no actual, substantial controversy exists between the named plaintiffs and non-diverse defendants) (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941)). Defendants have a point: if the general partner is misusing its control and siphoning off funds that belong to the Lab Partnership, then isn't this partnership actually a victim here? In the end, however, deciding on which side of the dispute the Lab Partnership best belongs is an unnecessary exercise. Contrary to defendants' understanding, realigning the partnership as a plaintiff would not prevent remand. Even if this court were to

find that the parties should be rearranged so that the partnership moves to plaintiffs' side of the dispute, diversity still would not exist because two of its partners, FemPartners, Inc. and FemPartners Fertility Center of Wisconsin, are and would remain as defendants in this lawsuit. *Strawbridge*, 7 U.S. 267 (for complete diversity to exist, every plaintiff must be from a different state from every defendant).

Because the presence of the Lab Partnership destroys diversity jurisdiction no matter which side of the caption we place it on, the remaining question becomes whether the Lab Partnership belongs in this suit at all.  Defendants insist that, under Texas law, a limited partnership is not an indispensable party when a limited partner sues a general partner directly as opposed to derivatively, which is what they say plaintiffs have done here.  *See* Br. in Opp., dkt. 17, at 3-4 (citing *Wesolek v. Layton*, 871 F. Supp. 2d 620, 629 (S.D. Tex. 2012)).  The question of indispensability, however, arises when the court, already having jurisdiction, must decide whether to join a party that would destroy jurisdiction.  As one district court explained, "[a]n indispensable party under Rule 19(a) is one that *must* be joined in order to fully resolve the dispute without any resulting prejudice to parties," while "the doctrine of fraudulent joinder, in contrast, asks whether a party *may* properly be joined in a particular suit."  *Mallinckrodt, Inc. v. Andrx Labs. Inc.*, 2006 WL 2598319, *3 (E.D. Mo. 2006) (emphasis in original). Whether the Lab Partnership is an indispensable party is irrelevant to whether it was fraudulently joined in the first place.  Given the allegations by plaintiffs that the general partner has hijacked the Lab Partnership and converted its funds to the benefit of the third limited partner, I am satisfied that the Lab Partnership is a proper party with a real interest in the litigation.  Therefore, its joinder as a party was not improper.

8

In sum, defendants have not carried their burden of showing that, when all the facts and law are construed in plaintiffs' favor, they stand no chance of obtaining recovery against the Lab Partnership or, conversely, that the Lab Partnership has no interest in this litigation that would make it a proper plaintiff. The Lab Partnership's presence in this suit destroys diversity jurisdiction. Accordingly, this case must be remanded to state court.

ORDER

IT IS ORDERED that Plaintiffs' motion to remand this case to state court, dkt. 14, is GRANTED. The clerk of court shall remand the file to the Circuit Court for Dane County, Wisconsin and close this case.

Entered this 3rd day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

9